NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAURICIO TIBELAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-72102

Agency No. A209-133-180

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021**

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Mauricio Tibelan, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"),

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

and denying his motion to terminate proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id.* We deny the petition for review.

In his opening brief, Tibelan does not challenge the agency's determinations regarding due process, humanitarian asylum, and his motion to terminate proceedings. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's determination that Tibelan failed to establish his proposed social groups are socially distinct. *See Conde Quevedo*, 947 F.3d at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction). Thus, the BIA did not err in concluding that Tibelan did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must

'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (*quoting Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Accordingly, Tibelan's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Tibelan failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**